UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHARLES H. MCELYEA,  )
    Plaintiff,  )
                              )    Civil No. 3:11-0914
v.                                         )    Judge Trauger
                              )    Magistrate Judge Brown
                              )
LARRY WALLACE, Judge, ERIC THORNTON,  )
Attorney, and KYLE SANDERS, Attorney  )
    Defendants.  )

To:    The Honorable Aleta A. Trauger

### **REPORT AND RECOMMENDATION**

Plaintiff Charles H. McElyea, appearing *pro se*, filed this Complaint, which has been referred to the Magistrate Judge for a frivolity review under 28 U.S.C. § 1915(e)(2)(B) and for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1), and to conduct any necessary proceedings under Rule 72, Fed.R.Civ.P. For the reasons stated below, the Magistrate Judge RECOMMENDS that Plaintiff's Complaint be DISMISSED as frivolous.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed his *pro se* complaint on September 27, 2011. (Docket Entry 1). He filed an application for leave to proceed *in forma pauperis* on the same date–which was granted by Judge Trauger on October 3, 2011. (Docket Entries 2, 4).

Plaintiff alleges that Defendants violated his 6th and 8th Amendment rights and "the HIPAA law by copying [his] medical records without [his] consent." (Docket Entry 1, p.1). It is

1

not immediately clear which claims are attributed to which Defendants, nor does he cite specific federal statutes or constitutional provisions. The Magistrate Judge notes, however, that more details can be gleaned from the context Plaintiff provides under the heading "Statement of Claim." (Docket Entry 1, p. 3).

Plaintiff explains that the facts underlying his complaint date back to May 7, 2010, when he was in court on a petition for contempt.[1] That morning, Plaintiff's appointed counsel, Hillary Duke, withdrew as counsel and allegedly told Plaintiff that Judge Wallace wold appoint him a new court date and new counsel.[2] Plaintiff alleges, however, that Judge Wallace: "did not set a new court date or appoint me a new attorney. He went right on and heard my case with me having no counsel. This broke my 6th Amendment right." *Id*. Judge Wallace allegedly allowed the opposing attorneys (Defendants Thornton and Sanders) to question Plaintiff and ultimately found Plaintiff in contempt of court and sentenced him to jail until his review date on June 17, 2010.[3]

Plaintiff claims that Judge Wallace violated his "8th Amendment right (cruel and unusual punishment)." *Id*. Judging by the Plaintiff's narrative, however, the Magistrate Judge believes Plaintiff is attempting to assert this type of violation against the jail:

> "Judge Wallace appointed Mr. Blaine Dixon as my counsel on June 17, 2020, which was my review date. I was never taken to court from the jail. When I made a phone call from the jail that night to my step father, Billy Gourley, he informed me that Judge Robert

---

[1] It appears from a Court Order, filed September 9, 2010, that Plaintiff was in contempt for failure to pay child support. (Docket Entry 1, p. 8).

[2] Plaintiff provided the relevant Order of Withdrawal, entered by Judge Larry Wallace on May 14, 2010. (Docket Entry 1, p. 6).

[3] It appears from a Court Order, filed August 4, 2010, that Plaintiff was incarcerated at the Dickson County Jail (Docket Entry 1, p. 10).

> Burch had released me from jail that day, June 17, 2010 and set another review date on September 8, 2010. The jail did not release me for 8 more days, which was on June 25, 2010. When I asked one of the officers at the jail, he told me they had to wait on paperwork to release me." *Id*.

Upon his release from jail, Plaintiff "went to Nancy Miller's office (Clerk and Master) in Charlotte, TN and asked her why it took so long to be released." *Id*. Ms. Miller apparently told Plaintiff that she was waiting on paperwork from Defendant Thorton–an explanation that made "no sense" to Plaintiff. *Id*.

Plaintiff's third cause of action stems from him being "informed by my doctor that no one can copy your medical records without your consent." *Id*. Plaintiff alleges that, "[o]n the day of May 7, 2010, Attorney Eric Thorton and Attorney Kyle Sanders took my medical records from the courtroom and copied them without my consent, breaking the HIPAA Law." Plaintiff contends that, if he had counsel present on this day, he "would have known then that this was against the law." *Id*.

At the end of his "Statement of the Claim," Plaintiff notes that he has "since found out that Judge Larry Wallace's wife is in the National Guard with my ex-wife's husband, Paul McCallister." Plaintiff claims "[t]his would constitute a conflict of interest on Judge Wallace's behalf." *Id*.

## III. STANDARD OF REVIEW

The federal *in forma pauperis* statute mandates that a trial court shall dismiss a civil action if the court determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding whether a complaint should be dismissed pursuant to Rule 12(b)(6), a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true. *Erickson v. Pardus*, 550 U.S. 89 (2007). Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a complaint is to be liberally construed, however, the district court need not accept a "bare assertion or legal conclusions." *Id. See Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). In other words, a court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In light of the above standards, a valid complaint requires (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Twombly*, 550 U.S. at 555-56.

The Magistrate Judge recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, "'does not require a court to conjure allegations on a litigant's behalf,'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22

4

Fed. Appx. 579, 580 (6th Cir. 2001)), and the court is not required to create a claim for the *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would call for the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

IV.  LEGAL ANALYSIS

A.  Plaintiff's Claims Against Judge Larry Wallace

As a general rule, "judicial officers are entitled to immunity from suits for damages." *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984), *citing Stump v. Sparkman*, 435 U.S. 349, 355 (1978).  The exception to this rule is when judicial officers act in "clear absence of all jurisdiction" or engage in "nonjudicial acts."  *Id*.  "A judge acts in the clear absence of all jurisdiction if the matter upon which he acts is clearly outside the subject matter jurisdiction of the court over which he presides." *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985).  Nonjudicial acts occur if the act "is one not normally performed by [the judge] or if the parties did not deal with the judge in his official capacity." *Id*., *citing Stump*, 435 U.S. at 362.

In *King*, the court held that a defendant-judge's incarceration of the plaintiff, who appeared without counsel, "was a judicial act because jailing such persons for contempt of court is a function normally performed by judges[.]" *King*, 766 F.2d at 966.  As to jurisdiction, judges who commit "grave procedural errors, including those involving due process, does not constitute judicial action taken in clear absence of all jurisdiction." *Sevier*, 742 F.2d at 271, *citing Stump*,

5

435 U.S. at 359. In *Sevier*, the court held that the defendant-judge did not act in the clear absence of all jurisdiction, even though he "may have exceeded [his] authority in persuading [plaintiff] to sign the [child support] consent order and in incarcerating him after the civil contempt hearing without the assistance of counsel[.]" *Id*.

In short, the Magistrate Judge believes that Plaintiff's complaints against Defendant Wallace must be dismissed because no relief is available under Rule (12)(b)(6). Even assuming Plaintiff's right to counsel was violated, Defendant Wallace enjoys judicial immunity in this case. Additionally, Tennessee statutory law provides that chancery court judges may impose no more than ten days in jail for contempt. T. C. A. § 29-9-103; *see King*, 766 F.2d at 965. In ordering incarceration, Defendant Wallace performed a judicial function that was clearly within the subject matter jurisdiction of the court in which he presides.

B.      Plaintiff's Eigth Amendment Claims

For the reasons stated in the preceding section (IV.A), the Eight Amendment violation Plaintiff asserts against Defendant Wallace must be dismissed.

That said, considering Plaintiff's *pro se* status, the Magistrate Judge notes that his narrative might ultimately be an attempt to claim a violation of 42 U.S.C. §1983 by persons working at the jail. Plaintiff "asked one of the officers at the jail" about his allegedly delayed release and stated that his "own research proved that when a Judge releases you from jail, it is to be carried out that day, not 8 days later." (Docket Entry 1, p. 4). In *Shorts v. Bartholomew*, 255 Fed. Appx. 46 (6th Cir. 2007), the Sixth Circuit reviewed §1983 claims against a county and county sheriff, brought by a plaintiff who was incarcerated beyond his court-ordered release date. "To state a claim under §1983, a plaintiff must allege [1] the violation of [2] a right secured by

6

the Constitution and laws of the United States, and must show [3] that the alleged violation was committed by a person acting under color of state law." *Id.* at 51, *quoting West v. Atkins*, 487 U.S. 42, 48 (1988). To that end, the Magistrate Judge notes that 42 U.S.C. § 1983 and many other actions carry a one-year statute of limitations and may require the exhaustion of administrative procedures.

Potential claims aside, the fact remains that Plaintiff has not asserted an 8th Amendment violation against anyone but Defendant Wallace. As such, that claim must be dismissed as frivolous. Whether Plaintiff might find a different outcome by filing a separate complaint in the future is not a question before the Magistrate Judge.

C.     Plaintiff's H.I.P.A.A. Claims

Plaintiff alleges a violation of "HIPAA law," apparently referring to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Pub.L.No. 104-191, 110 Stat.1936 (1996). "HIPAA applies to 'a health plan,' 'a health clearinghouse,' or 'a healthcare provider who transmits any health information in an electronic form in connection with a transaction referred to in Section 1320d-2(a)(1) of this title.'" *U.S. v. Mathis*, 377 F.Supp.2d 640, 645 (M.D. Tenn. 2005), *citing* 42 U.S.C.A. § 1320d-1(a). Further, "[t]here is no private cause of action under HIPAA[.]" *Acara v. Banks*, 470 F.3d 569, 571-72. (5th Cir. 2005); *See Graham v. Fleissner Law Firm*, No. 1:08-CV-00031, 2008 WL 2169512, *3 (E.D. Tenn. May 22, 2008) and *Jones v. Cariten Healthcare*, No. 1:08-CV-9, 2008 WL 687496, *3 (E.D. Tenn. Mar 11, 2008).[4]

In short, the Magistrate Judge believes Plaintiff's HIPAA claims must be dismissed as frivolous. None of the Defendants are a health plan, health clearinghouse or healthcare provider.

---

[4]"Other district courts within the Sixth Circuit have likewise found no private right of action for alleged violations of HIPAA." *Graham* 2008 WL 2169512 at *3 (citations omitted).

7

More so, HIPAA does not provide Plaintiff with a private cause of action in this case.

## V.  RECOMMENDATION

In light of the foregoing, the Magistrate Judge **RECOMMENDS** that Plaintiff's Motion be **DENIED** be **DISMISSED** as frivolous.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objection to it with the District Court.  Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections.  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

ENTERED this 9th day of November, 2011.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge