UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES H. MCELYEA, ) | |
|     Plaintiff, ) | |
| ) | Civil No. 3:11-0914 |
| v. ) | Judge Trauger |
| ) | Magistrate Judge Brown |
| ) | |
| LARRY WALLACE, Judge, ERIC THORNTON, ) | |
| Attorney, and KYLE SANDERS, Attorney ) | |
|     Defendants. ) | |

To: The Honorable Aleta A. Trauger

## REPORT AND RECOMMENDATION

On November 9, 2011, the Magistrate Judge issued a Report and Recommendation to the effect that Plaintiff's claims in his original complaint should be dismissed as frivolous. (Docket Entry 7). The Plaintiff, proceeding *pro se* and *in forma pauperis*, was instructed to file any objections to said report by January 4, 2012. Plaintiff filed no such objections–but, on January 5, 2012, he did file an "Amended Complaint." (Docket Entry 14). On January 10, 2012, the District Court returned the Magistrate Judge's Report and Recommendation for possible modification in light of the Amended Complaint. (Docket Entry 15). The Magistrate Judge notes that Plaintiff also filed a letter on January 12, 2012, requesting to "make an addition" to the "complaint [he] previously filed." (Docket Entry 17).

Sixth Circuit precedent is clear that courts may not allow a plaintiff proceeding *in forma pauperis* to amend a complaint to avoid *sua sponte* dismissal. *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

The procedural history in this case is analogous to *United States ex rel. Donaldson v.*

1

*Conservation Resource Alliance*, No. 03-10141-BC, 2006 WL 695674, (E.D. Mich. March 14, 2006). The plaintiff in that case, also proceeding *pro se* and *in forma pauperis*, filed both a complaint and an amended complaint with the district court. The matter was referred to a magistrate judge, who filed a report recommending that the matter be dismissed *sua sponte* because the original complaint was frivolous. *Id.*, *1. After the magistrate judge filed his report, the plaintiff filed a motion for leave to amend and a proposed second amended complaint. The district court then rejected the magistrate judge's recommendation, "finding it inappropriate to dismiss a case based on the magistrate judge's assessment of the original complaint since the second amended complaint supercedes the original pleading." *Id*. The court sent the case back to the magistrate judge for review based on the newest amended complaint. When the magistrate judge again recommended dismissal, noting that a plaintiff proceeding *in forma pauperis* is not permitted to amend under such circumstances, the district court agreed that the magistrate judge was correct in his original screening. The court noted that "Sixth Circuit precedent forbids [*in forma pauperis*] plaintiffs from amending complaints that do not pass muster on the original screening, and therefore the case will be dismissed." *Id*.

Turning to this case, the Magistrate Judge believes that Plaintiff may not attempt to cure his original complaint, already deemed to be frivolous, by filing an amended complaint. As such, the Magistrate Judge adheres to his original Report and Recommendation (Docket Entry 7) and **RECOMMENDS** that Plaintiff's claims be **DISMISSED** as frivolous.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file written objections with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses.

Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

ENTERED this 17th day of January, 2012.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge